JOHN WHITE, ESQ.,
Nevada Bar No. 1741
WHITE LAW CHARTERED
335 WEST FIRST STREET
RENO, NV 89503
(775) 322-8000
FAX: (775) 322-1228
john@whitelawchartered.com
Proposed Attorneys for Debtors

Co-Counsel for Debtor


BRET O. WHIPPLE
Nevada Bar No. 6168
BANKRUPTCY LAW CENTER
1550 SOUTH WELLS SUITE 101
RENO, NV 89502
(775) 746-3333

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA


IN RE:                                  )
                                        )    Case No: BK – 11-52516-btb
Van Jeffrey Gardner                     )    Chapter 12
                                        )
                                        )    JOINT APPLICATION TO
                                        )    EMPLOY ATTORNEYS FOR DEBTOR
                                        )
                Debtors                 )
_____/        )    Hearing Date: October 26, 2011
                                             Hearing Time: 10:00 a.m.
                                             Estimated Time: 5-10 minutes


    Debtor Van Jeffrey Gardener, hereby applies to this Court for an Order appointing

Bankruptcy Law Center and the Law Firm of White Law Chartered as its attorneys of record,

and respectfully represents:

/ / /

1. Debtor Van Jeffrey Gardner ( hereinafter "Debtor") filed its voluntary petition under Chapter 12 of the United States Bankruptcy Code on August 4, 2011.  The Debtor, doing business as Quarter Circle Five Ranch, is serving as debtor-in-possession and continue to serve in that capacity.

2. No Trustee has been appointed and Debtor is currently operating as a debtor-in-possession.  Debtor is not sufficiently familiar with the rights and duties of a debtor-in-possession as to be able to plan and conduct proceedings without the aid of competent counsel.

3. Debtor has made careful and diligent inquiry into the qualifications and competence The White Law Chartered and Bankruptcy Law Center (jointly refereed to as "Applicants"), and is advised that such attorneys are admitted to practice in this Court and by reason of their ability, integrity and professional experience, are capable of providing proper legal counsel to Debtor.

4. Applicants do not hold or represent an interest adverse to the estate and the members thereof are disinterested persons as that phrase is defined in Section 101(14) of the Bankruptcy Code. Such employment is necessary and in the best interest of the Debtor and its estate. See Exhibit "A"  Verified Declaration of Attorneys.

5. Except as set forth herein in paragraph 6 below, to the best of Debtor's knowledge, the members of  Applicants have no connection with the Debtor, any of its creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States Trustee.

6. Debtor has engaged the services of Applicants as its attorneys to commence the Chapter 12 bankruptcy proceedings, and has engaged such services subject to approval of this

court. The Debtor believes that the employment of Applicants is in the best interest of its estate and should be retained, pursuant to Section 327 of the United States Bankruptcy Code. Said counsel will provide specific legal services to the Debtor in its role as counsel, including the following :

a.    Render legal advice with respect to the powers and duties of the debtor that Continue to operate its business and manage its properties as debtor in possession;

b.    Negotiate, prepare and file a plan or plans of reorganization and disclosure Statements in connection with such plans, and otherwise promote the financial Rehabilitation of the Debtor.

c.    Take all necessary action to protect and preserve the Debtor's estate, including the Prosecution of actions on the Debtor's Behalf , the defense of any actions commenced against the Debtor, negotiations concerning all litigation in which the Debtor is or will become involve, and the evaluation and objection to claims filed against the estate;

d.    Prepare, on behalf of the Debtor, all necessary applications, motions, answers, orders, reports and papers in connection with the administration of the debtor's estate, and appear on behalf of the Debtor at all Court hearings in connection with the Debtor's case;

e.    Render legal advice and perform general legal services in connection with the Debtor's case;

f.    Perform all other necessary legal services in connection with this Chapter 12 case.

As set in the Attorney Fee Agreement attached hereto as Exhibit "B", the Debtor has agreed that Applicant John White shall be compensated for services at the following rates: John White ,

Esq. $300.00 per hour, and paraprofessional services $75.00 per hour, which are customary rates

charge by said firm. The contract attorney used by Debtor's counsel is Bret Whipple. As set forth

in the Attorney Fee Agreement attached hereto as Exhibit "C", the Debtor has agreed that

Bankruptcy Law Center shall be compensated for services at the following rates:$300.00 for

attorney's services and $75.00 for paralegal services.  The hourly rates now being charges are

subject to periodic adjustments to reflect economic and other conditions, and, on occasions, to

reflect the firm members' increased experience and  expertise .

7. Prior to filing the Petition herein, the Debtor paid Bankruptcy Law Center an advance

retainer of $6,000.00.

8. The Law office of John White has not been retained for pre-petition services other

than pre-Bankruptcy and bankruptcy-related services.

9. Bret O. Whipple prepared the Debtor Tax returns 2008-2010, for which it was paid in

full.

10.Bankruptcy Law Center and White Law Chartered as co-counsel have agreed to divide

the tasks associated with this Chapter 12 case, and to avoid any duplication. Both firms intend to

cooperate to promote efficiency and economize costs and expenses. See Exhibit "D" hiring

agreement .

11. Proposed Order attached as exhibit "E".

WHEREFORE, Debtor prays that by the employment of  Bankruptcy Law Center and the

Law office of White Law Chartered , as co-counsel for the Debtor herein, be authorized, that said

firms be compensated at reasonable rates as approved by the Court upon future application, and

/ / /

/ / /

4

that it have such other relief as is just.

**Dated** this 4 day of October, 2011.

BANKRUPTCY LAW CENTER

By: _____

BRET O. WHIPPLE, ESQ.
Attorney for Debtor

# Exhibit "A"

## VERIFIED DECLARATION OF ATTORNEY

I, Bret O. Whipple, ESQ., declare under penalty of perjury that the assertions of this statement is true.

1.      That Declarant is an attorney law licensed to practice in the above-entitled Court, and a member of the Bankruptcy Law Center, which firm Debtor is seeking to employ to represent it in the above-entitled Chapter 12 case.

2.      That to the best of Declarant's knowledge and belief, the Law Offices of Bankruptcy Law Center does not hold or represent an interest adverse to the Debtor's estate and he is a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code in that Bret O. Whipple:

        a.      Is not a Creditor, equity security holder or insider of the Debtor(s);

        b.      Is not and was not investment bankers for any outstanding security of the Debtor(s);

        c. Has not been, within (3) years before the date of the filing of the of the Debtor's Chapter 12 petition(i) investment bankers for a security of the Debtor, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor;

        d. Is not and was not, within two (2) years before the date of the filing of the Debtor's Chapter 12 petition, a director officer, or employee of the Debtor or of any investment banker as specified in paragraph (b)  or (c) of this paragraph; and

        e.      Does not have an interest materially adverse to the interest to state or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any reason.

3. That to the best of Declarant's knowledge and belief , the Law Office of Bret O. Whipple has no other connection with the Debtor, its creditors, any other party in interest, their

1

respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

    4. Bret O. Whipple prepare Tax returns 2008-2010 and was paid in full before filing.

Dated this 4th day of August, 2011.

BRET O. WHIPPLE, ESQ.

2

## VERIFIED DECLARATION OF ATTORNEY

I, John White, ESQ., declare under penalty of perjury that the assertions of this statement is true.

1.      That Declarant is an attorney law licensed to practice in the above-entitled Court, and a member of the White Law Chartered, which firm Debtor is seeking to employ to represent it in the above-entitled Chapter 12 case.

2.      That to the best of Declarant's knowledge and belief, the Law Offices of White Law Chartered does not hold or represent an interest adverse to the Debtor's estate and he is a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code in that John White:

      a.      Is not a Creditor, equity security holder or insider of the Debtor(s);

      b.      Is not and was not investment bankers for any outstanding security of the Debtor(s);

      c.      Has not been, within (3) years before the date of the filing of the of the Debtor's Chapter 12 petition(i) investment bankers for a security of the Debtor, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the debtor;

      d.      Is not and was not, within two (2) years before the date of the filing of the Debtor's Chapter 12 petition, a director officer, or employee of the Debtor or of any investment banker as specified in paragraph (b)  or (c) of this paragraph; and

      e.      Does not have an interest materially adverse to the interest to state or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for other reason.

3.      That to the best of Declarant's knowledge and belief , the Law Office of John White has no other connection with the Debtor, its creditors, any

1

other party in interest, their respective attorneys and accountants, the

United States Trustee, or any person employed in the office of the United

States Trustee.

Dated this 4th day of August, 2011.

_____

JOHN WHITE, ESQ.

2

# Exhibit "B"

Jeff and Rhonda                                                775-238-5282                    p.2

Fee Agreement
### CHAPTER 12
Bankruptcy Law Center, LLC

Bankruptcy Law Center, Bret Whipple, and White Law Chartered, John White, have agreed to divide the tasks associated with the Chapter 12 case and to avoid any duplication of services, both firms will cooperate to promote efficiency and economize costs and expenses.  It is believed that Mr. Whipple, who visits Ely and surrounding areas on a fairly regular basis, who knows the Debtor and his wife, and who has done Debtor's tax returns,  is uniquely suited to provide information concerning the Debtor and its ongoing operations and that Mr. White, with offices in Reno, and who is experienced in Chapter 12 cases, will be better able to make court hearings when Mr. Whipple is in his Las Vegas Office. Debtor has agreed to Mr. White's hourly fee ($300 per hour, paralegal $75 per hour) and to Mr. Whipple's fee, ($300 per hour, paralegal $75 per hour).  The full $5000 retainer has been paid to and received by Mr. White."

_____                date 3 July 2011
Van Jeffrey Gardner

_____                date 8-31-2011
Bankruptcy Law Center, LLC
Bret O. Whipple

_____                date 4-31-11
White Law Chartered
John White

TLC Retainer revised 1/18/10                                            Page 1 of 1

# Exhibit "C"

## Attorney-Client Fee Agreement - Bankruptcy Law Center, LLC

1.   This Attorney-Client Fee Agreement (hereinafter, "the Agreement") governs the contractual relationship between the Bankruptcy Law Center, LLC and

_____ Gardner, Van Jeffrey _____
(hereinafter referred to as "the Client").

2.   The Agreement is a binding contract and should be read carefully by the Client before it is signed and the appropriate spaces initialed.  No contractual relationship exists between the Client and the Bankruptcy Law Center until this Agreement has been signed, initialed as appropriate and $500 of the flat fee for attorney's fees has been paid.

3.   No work will commence on any bankruptcy case until $5000.00 of fee has been paid.  This payment is considered NONREFUNDABLE and earned upon receipt subject to the other terms herein.  Until such time as $5000.00 of the attorney's fees has been paid, the Bankruptcy Law Center will not deal with any of the Client's creditors and will not state to any creditors that it has been hired to file bankruptcy on behalf of the Client.  At the time of payment of at least $5000.00, the Bankruptcy Law Center will answer any and all creditor's calls on behalf of the Client even though the bankruptcy case has not been filed.

I/We understand the terms of the Bankruptcy Law Center's policy in regards to payment and agree to make payments as described herein.

The Client understands that the Bankruptcy Law Center will not file the Client's bankruptcy case, until the following fees and costs are paid in full:

Attorney's retainer fees:                $5,000.00/$300.00 HR

Total Amount due prior to filing:        $5,000.00

4.   The scope of work to be provided to the Client for the flat attorney's fees stated above is as follows:

   a.   Preparation of all Schedules, Petitions and associated paperwork required to file the Client's bankruptcy case (including the Client's Chapter 12 Plan if appropriate);
   b.   Responding to Client's questions and concerns regarding the Client's Bankruptcy case through discharge in the case of a Chapter 7 and through confirmation of a Chapter 12 Plan in a Chapter 12 case up to one- hour of time;

TLG Retainer revised 1/12/10

Page 1 of 4

    c.  Monitoring any filings by Creditor's or the Trustee in the Client's bankruptcy case and keeping the Client informed of such filings as appropriate;

    d.  Representation of the debtors in the meeting of creditors, confirmation hearing or any adjourned hearings thereof; and

    e.  Analysis of the Debtor's fincial situation and rendering advice in determining whether to file a petition in Bankruptcy; and

    f.  Perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with Chapter 12 case.

5.    Bankruptcy Law Center endeavors to provide its clients with all the information necessary to understand the Client's bankruptcy case and any requirements pre-filing the bankruptcy case and after filing the bankruptcy case. The Client agrees to read any and all information and correspondence from Bankruptcy Law Center prior to contacting Bankruptcy Law Center in regards to a question that the Client has. Bankruptcy Law Center will answer Client's questions up to one-half hour of Bankruptcy Law Center staff and attorney time if the questions have already been addressed in Bankruptcy Law Center literature provided to the Client. In the event the Client, exceeds one-half hour of attorney and staff time in asking questions previously addressed, Bankruptcy Law Center will bill the Client at its normal hourly rates for attorney and staff time. Attorney time is billed at $300/hour and staff time is billed at $75/hour.

I/We understand the terms of the Bankruptcy Law Center's policy for additional services and agreed to be billed for said services. I/We further understand that my/our completeness in providing information to the Bankruptcy Law Center prior to filing my/our bankruptcy case and abiding by the rules of the Court will limit any necessity for payment of additional fees.

6.    At this time, the Client and the Bankruptcy Law Center have made a Preliminary Determination that the Client's case should proceed under Chapter __12__ of the Bankruptcy code. The Client and the Bankruptcy Law Center understand that the Preliminary determination of the type of bankruptcy appropriate for the Client may change upon review of the Client's documentation and no statement in this Agreement is binding as to the type of bankruptcy case under which the Client is able to file.

7.    The Client acknowledges that Bankruptcy Law Center cannot guarantee success or any particular outcome from its representation of the Client including guaranteeing a discharge or confirmation of any Chapter 12 Plan. The Bankruptcy Law Center will endeavor to achieve both, but there are no absolute

guarantees. The Client understands that the Client must be completely truthful, forthcoming (not withholding information), cooperative and accurate in the information the Client provides to the Bankruptcy Law Center and that any omission, untruthfulness or failure to cooperate with the Bankruptcy Law Center or its staff may result in a negative impact on the case and/or dismissal. The Client further understands that any failure to list all of the Client's assets (property) and liabilities (debts) or any other failure to disclose information may result in criminal penalties and sanctions. Should the Bankruptcy Law Center discover that the Client has not been truthful with the Bankruptcy Law Center, the Bankruptcy Court or Bankruptcy Trustee or the Client has any way failed to disclose assets or liabilities, the Bankruptcy Law Center shall immediately withdraw as the attorneys for the Client and the Client will have to find another attorney to represent the Client. Moreover, any violation of the terms of this Agreement shall be grounds for termination of the relationship of the Bankruptcy Law Center and the Client. The Bankruptcy Law Center shall notify the Client in writing of any violation and of the termination of the attorney-client relationship. There will be NO refund of any fees to the Client in the event the Bankruptcy Law Center withdraws from representation of the Client after filing the case. In the event the Bankruptcy Law Center ceases representation of the Client prior to filing the Client's bankruptcy case, there shall be NO refund of attorney's fees, but the Client shall be entitled to a refund of the Client's filing fee if it has been paid.

8.     The Bankruptcy Law Center's representation of the Client pursuant to the Agreement shall terminate automatically upon the earliest of the Client's receipt of a Bankruptcy Discharge, the Client's discharge of Bankruptcy Law Center, withdrawal of the Bankruptcy Law Center from representation of the Client or the dismissal of the Client's case by the Court.

9.     In the event that legal proceedings are required to enforce the terms of this Agreement, reasonable attorneys' fees may be collected by the prevailing party and the parties will endeavor to mediate any dispute through mediation services available through the State Bar of Nevada.

## STATEMENT OF UNDERSTANDING BY CLIENT(S)

I/We have read and understood the foregoing terms, and I/we agree to them. If more than one party signs below, we each agree to be liable, jointly and severally, for all obligations under this Agreement. I/We have been provided with a copy of this Agreement for my/our records. I/We also have been afforded the opportunity to ask any questions I/we may have had regarding the terms of this Agreement.

TLG Retainer revised 1/18/10

Page 3 of 4

I/we understand that we have an obligation to provide accurate and complete information to the Bankruptcy Law Center and to continue to update that information if my/our circumstances change during the course of our bankruptcy case. I/we understand that if I/we do not provide accurate information to the Bankruptcy Law Center and if we do not provide information on all of our assets (property) and liabilities (debts) in my/our bankruptcy case, then my/our case may be dismissed and there also may be penalties and sanctions imposed by the bankruptcy court.

_____          date _3 July 2011_
Client

_____          date _____
Client

Exhibit "D"

Fee Agreement
CHAPTER 12
Bankruptcy Law Center, LLC

Bankruptcy Law Center, Bret Whipple, and White Law Chartered, John White, have agreed to divide the tasks associated with the Chapter 12 case and to avoid any duplication of services, both firms will cooperate to promote effeciency and economize costs and expenses.  It is believed that Mr. Whipple, who visits Ely and surrounding areas on a fairly regular basis, who knows the Debtor and his wife, and who has done Debtor's tax returns,  is uniquely suited to provide information concerning the Debtor and its ongoing operations and that Mr. White, with offices in Reno, and who is experienced in Chapter 12 cases, will be better able to make court hearings when Mr. Whipple is in his Las Vegas Office. Debtor has agreed to Mr. White's hourly fee ($300 per hour, paralegal $75 per hour) and to Mr. Whipple's fee, ($300 per hour, paralegal $75 per hour).  The full $5000 retainer has been paid to and received by Mr. White."

_____          date  8-3-11
Bankruptcy Law Center, LLC
Bret O. Whipple


_____          date  8-3-11
White Law Chartered
John White


TLO Retainer revised 1/18/10                          Page 1 of 1

# Exhibit "E"

1

2

3

4

5

6

7

8
BRET O. WHIPPLE
Bar No. 6168
BANKRUPTCY LAW CENTER
520 SINCLAIR STREET
RENO, NV
(775) 746-3333

9

10

11
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

12

13

14
IN RE:                          )

                            )   Case No: BK -11-52516-btb

15
Van Jeffrey Gardener       )

                            )   Chapter 12

16
                            )

17
                            )   ORDER AUTHORIZING

                            )   EMPLOYMENT OF BANKRUPTCY LAW

18
                            )   CENTER ,BRET O.  WHIPPLE, ESQ., AS

                              COUNSEL FOR DEBTORS

19
          Debtors      )

 —————————————/   )   (No Hearing Required)

20

21
Upon consideration of the Debtor's JOINT APPLICATION TO EMPLOY

22
ATTORNEYS FOR DEBTOR BANKRUPTCY LAW CENTER, BRET O. WHIPPLE, ESQ.,

23
AS COUNSEL FOR DEBTOR and the Supporting AFFIDAVIT OF BRET O. WHIPPLE IN

24
SUPPORT OF JOINY APPLICATION TO EMPLOY BANKRUPTCY LAW CENTER, BRET

25
O. WHIPPLE, ESQ., AS COUNSEL FOR DEBTORS, and pursuant to Fed.R.Bank.P.Rule 2014,

26
and it appearing that good cause exists;

1

IT IS HEREBY ORDERED as follows:

    1.  The Debtors is authorized to employ Bankruptcy Law Center and White Law Chartered as if co-counsel as general counsel in the above-captioned case, *nunc pro tunc*, as August 4, 2011; and,

    2.  Any payment of fees or costs to BANKRUPTCY LAW CENTER is subject to court Approval

Submitted by:

BANKRUPTCY LAW CENTER          APPROVED/DISAPPROVED

By: Bret O. Whipple                Office of the U.S. Trustee