BRET O. WHIPPLE, ESQ.
Nevada Bar 6168
BANKRUPTCY LAW CENTER
520 Sinclair St., Reno, NV
(775) 746-3333

John White, Esq., SB #1741
WHITE LAW CHARTERED
335 West First Street
Reno, NV 89503
775-322-8000
775-322-1228 (Fax)
john@whitelawchartered.com

Proposed Co-counsel for Debtor

E-filed on November 2, 2011

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

VAN JEFFREY GARDNER
dba Quarter Circle Five Ranch

Debtor.
_____/

CASE NO.: BK-N-11-52516-btb

Chapter 12

CHAPTER 12 PLAN #1, VALUATION MOTION, AND MOTION TO CONFIRM

Hearing date: December 6, 2011
Hearing time: 3:00 p.m.
Est. Time: 1 hour

## CHAPTER 12 PLAN

VAN JEFFERY GARDNER, dba Quarter Circle Five Ranch ("Debtor") submits the following Chapter 12 Plan pursuant to section 1221 of the Bankruptcy Code.

1. Definitions:

   a. "Allowed Claim" means every Claim against Debtor as to which a proof of claim has been filed with the Court within the time fixed by the Court or otherwise deemed timely filed under applicable law, or, if such Claim arises from the Debtor's rejection of an unexpired lease or other

1

executory contract, within thirty (30) days after the Effective Date of the Plan, and as to which no objection to allowance of such Claim or request for subordination thereof has been filed within any applicable period fixed by the Court or as to which an order allowing such Claim and establishing priority has become final and non-appealable.

b. "Claim" shall have the meaning ascribed to it in 11 USC 101(5) and shall include, without limitation, any claim scheduled in this Plan, whether or not filed.

c. "Confirmation Date" shall mean the date of any Order of this Court confirming the Plan.

d. "Effective Date" shall mean the 11th day following entry of an Order of confirmation, unless there be a timely appeal, in which event the Effective Date shall be the 11th day following the day when the entry of an Order affirming the confirmation of this Plan becomes final and non-appealable.

e. "General Unsecured Creditors" means creditors holding Allowed Class 2 Claims.

f. "Homestead" means Debtor's home and adjacent buildings, being APN 11-350-03, an approximate 4.5 acre parcel more particularly described as

> The West 155.00 feet of the East 305 feet of the SW¼ of the NE¼ of Section 17, Township 12 North, Range 62 East, M.D.B.&M.

g. "Petition Date" means August 4, 2011.

h. "Plan" shall mean Debtor's Chapter 12 Plan, as it may be amended from time to time prior to confirmation.

i. "Plan Period" shall mean either the three-year period following the first payment made by Debtor pursuant to this Plan, or the date on which all Allowed Claims are paid in full, whichever is earlier.

j. "Quarter Circle Five Ranch" shall mean Debtor, and Debtor as sole remaining partner and sole owner of 100% of the assets of Quarter Circle Five Ranch, a dissolved Nevada partnership. Though some portions of Debtor's real property may still be titled in the name of Quarter Circle Five Ranch or Quarter Circle Five Ranch, a partnership, such title is bare legal title. All of the equitable interest in any property still titled in the name of Quarter Circle Five Ranch, a partnership, belongs to Debtor.

k. "Ranch" shall mean all of Debtor's real property being parcels 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 11, excluding Debtor's 4.5 acre homestead, as shown on the October 4, 2011 Stewart Title Preliminary Title Report ("Preliminary Title Report"), attached hereto as Exhibit A. Without limitation, Without limitation, "Ranch" shall include Debtor's interest in parcels 10 and 11, being property of the estate still titled in the name of Quarter Circle Five Ranch, a partnership and "Ranch" also includes Debtor's interest in the Horse and Cattle Camp, being Debtor's 16.174% interest in the 680 +/- acres shown on the Preliminary Title Report as Parcels 8 and 9. "Ranch" also includes the watering system (pivots, pipes and pumps) thereon. Debtor's Homestead, a separate parcel (APN 11-350-03), is included in the "Ranch." Parcel 12 is not property of the estate and therefore "Ranch" does not include Parcel 12.

l. "Secured Claim" means a Claim, other than a set off Claim, that arose before or after the Petition Date that is secured by a security interest in or lien upon property, or the proceeds of the sale of such property, in which the Debtor or the estate has an interest, to the extent of the value, as of the Confirmation Date or such later date as established by the Court, of such interest or lien as determined by a Final Order of the Court pursuant to Section 506 of the Bankruptcy Code. An Allowed Secured Claim will include all accrued interest and attorney's fees, to the extent the same are allowable under 11 U.S.C. § 506, and to the extent attorneys' fees are reasonable or are approved by the Court after notice and hearing.

m. "Secured Creditor" means a creditor holding an Allowed Secured Claim.

n. "Trustee" shall mean M. Nelson Enmark, or such other person who is duly appointed as the standing Chapter 12 trustee in the District of Nevada.

2. Debtor shall, during the Plan Period, submit all or such portion of his future earnings or other future income to the supervision and control of the Trustee as is necessary for the execution of the Plan. Debtor will receive a salary of $1,500 per month during the Plan Period.

3. All Claims entitled to priority under Section 507 of the Bankruptcy Code ("Section 507"), shall be paid in full, in deferred cash payments, unless—

a. the claim is a Claim owed to a governmental unit that arises as a result of the sale, transfer, exchange, or other disposition of any farm asset used in the debtor's farming operation, in which case, the Claim shall be treated as an unsecured Claim that is not entitled to priority under Section 507,

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

4

but the debt shall be treated in such manner only if the debtor receives a discharge; or

    b. the holder of a particular Claim agrees to a different treatment of that Claim.

4. Claims shall be divided into four secured classes, one unsecured class and one class of interests. Each Secured Claim is its own class. Each Claim or interest within a particular class shall be treated the same unless the holder of a particular Claim or interest agrees to less favorable treatment. Plan classes are as follows:

    a. Secured.

        i. Class 1(a): First National Bank of Ely's Claim as holder of a note dated January 14, 2002, in the face amount of $200,000 (loan number 19981), secured by a first deed of trust on Debtor's approximately 4.5 acre homestead (APN 11-350-03), recorded in White Pine County Nevada as Book 337 Page 513, the unpaid balance of of which was approximately $182,000 as of the Petition Date.

        ii. Class 1(b): First National Bank of Ely's claim as holder of a note dated March 11, 2010, in the face amount of $160,076.44 (loan number 20913), secured by a second deed of trust on Debtor's approximately 5-acre homestead (APN 11-350-03), recorded in White Pine County Nevada as Doc #0348259, the unpaid balance of of which was approximately $160,000.00 on the Petition Date.

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

       iii. Class 1(c): First National Bank of Ely's Claim as judgment creditor under that certain Deficiency Judgment issued by the Seventh Judicial District Court of White Pine County, Nevada, entered on April 21, 2011 and recorded on April 28, 2011, official records, White Pine County, as Document No. 352831. See Item 31 on the Preliminary Title Report.

       iv. Class 1(d): Margaret Gardner. This approximate $80,000 Claim is secured by a June 17, 2011 commercial security agreement. See Item 32 (Document 353410) in the Preliminary Title Report.

   b. Class 2. General Unsecured Claims.

   c. Class 3. Interests

5. Claims entitled to priority under Section 507 shall not be classified but shall be paid in full over the life of the Plan or as otherwise provided in Title 11.

6. Treatment of Claims:

   a. Secured Claims.

       i. <u>Class 1(a):</u> First National Bank of Ely's Class 1(a) Claim shall be paid in full, to the extent that it is an Allowed Secured Claim. The note shall be brought current and any deficiency shall be deemed curred and the note deaccelerated on the Effective Date. Debtor shall thereafter resume making contract payments directly to the First National Bank of Ely.

       ii. <u>Class 1(b).</u> First National Bank of Ely's Class 1(b) Claim is disallowed as a Secured Claim. The fair market value of

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

Debtor's Homestead is $175,000, an amount less than the unpaid balance of First National Bank of Ely's Class 1(a) Claim, also secured by Debtor's Homestead. Therefore, First National Bank of Ely's Class 1(b) Claim is completely unsecured and shall be treated as a Class 2 (General Unsecured Claim) under this Plan.

iii. Class 1(c)  First National Bank of Ely's Class 1(c) judgment creditor Claim, to the extent it is an Allowed Secured Claim, shall be paid in full from the Net Proceeds of the sale of the Ranch. See below. To the extent that Net Proceeds are insufficient to fully pay this Claim, the deficiency shall be treated as a General Unsecured Claim and paid pursuant to Class 2.

iv. Class 1(d).  This Claim is based on a preferential transfer under 11 USC 547. It is disallowed. Class 1(d) has the rights of a General Unsecured Class 2 Creditor under this Plan.

v. Confirmation of this Plan shall constitute an adjudication that First National Bank of Ely, including its successors and assigns, has no encumbrance(s) on the Ranch except as described in Class 1(a), Class 1(b) and Class 1(c), above, to wit: any lien or encumbrance or obligation of Debtor of any nature relating to Debtor's ownership of the Ranch inuring to the benefit of First National Bank of Ely, its successors or assigns, as well as any obligation of the Debtor to First

National Bank of Ely, which is not described above in Class 1(a), Class 1(b) or Class 1(c), shall be void as of the Effective Date. Without limitation, this includes Items 29 (Document 347460) and 30 (Document 352624) in the Preliminary Title Report.

    b. General Unsecured Secured Claims:

        i. <u>Class 2.</u> Allowed General Unsecured Claims shall be deemed to have been paid in full from the Net Proceeds from the sale of the Ranch, described below, after payment of 1) Plan payments on all Allowed Secured Claims, 2) Trustee's fees, and 3) allowed administrative expenses. Sums paid to the Trustee on behalf of this Class shall be distributed by the Trustee.

    c. Interests.

        i. <u>Class 3.</u> The equity interest of Debtor is not impaired by the Plan.

7. All monetary defaults have been considered in the Plan. All such defaults shall be deemed cured on confirmation of the Plan.

8. Debtor shall have up to 45 days following the Effective Date to object to Claims.

9. All executory contracts not specifically dealt with by this Plan are hereby rejected.

10. All property of the estate shall vest in the Debtor on confirmation of the Plan.

11. Allowed administrative expenses, including statutory Trustee fees, shall be paid in full from the proceeds of the sale of the Ranch, described below.

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503
T (775) 322-8000
F (775) 322-1228

12. Debtor Reports. Unless excused by the Trustee, Debtor shall prepare and file a complete Return of Sale, concerning the sale described below, within 45 days of the Effective Date, showing the disbursement of sale proceeds.

13. FAILURE OF CREDITOR(S) TO FILE A TIMELY WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF THE PLAN.

14. Subject to the provisions of 11 U.S.C. §502, untimely Claims are disallowed, without the need for formal objection, unless allowed by court order. The claims bar date is November 30, 2011.

15. This Plan may be altered post confirmation in a non-material manner by court order after notice to the debtor, the Trustee, any creditor, whose Claim is the subject of the modification, and any interested party who has requested special notice. The Plan may also be modified post-confirmation as provided in 11 U.S.C. § 1229.

16. Post-petition interest on all unsecured Claims is disallowed.

17. Unless objected to at or before the first date set for the confirmation hearing of this Plan, the fair market value of the Debtor's Ranch, including pivots, shall be fixed at $1,031,500.00. The fair market value of Debtor's other assets which are subject to the Claim(s) of a creditor with an Allowed Secured Claim shall be fixed as follows for purposes of administration of this Plan:

| Item | Fair Market Value |
| --- | --- |
| Homestead  All of Debtor's other assets are unencumbered. | $175,000.00 |

18. <u>Sale of Ranch</u>

    a. Debtor shall, on the Effective Date, sell the Ranch to Michael Cannon, free and clear of liens, for $1,031,500 cash. Any order Confirming the Plan shall contain standard language, if any, required by the escrow company to consummate the sale.

    b. Any liens and encumbrances on the Ranch shall, subject to the provisions of this Plan, be transferred to the Net Proceeds of the sale. "Net Proceeds" shall be sale proceeds minus normal closing costs, any broker's commission to Kenna Almburg which Debtor may have to pay (Buyer is expected to pay Broker's commission), and any applicable Federal or State taxes, Net Proceeds shall be held by the Trustee, subject to the provisions of this Plan and any order of this Court.

    c. The sale is subject to the condition that appraiser Lyn Norberg appraise the Ranch for at least $1,025,000. Though the formal appraisal is expected shortly before Thanksgiving, a letter containing Mr. Norberg's valuation of the ranch is expected on or before November 4, 2011. This Plan will be supplemented with that letter when it is received.

VALUATION MOTION

19. The debtor moves this honorable Court for an order fixing the fair market value of the Ranch, and the Homestead, for purposes of confirmation and administration of this Plan, at the dollar amount(s) provided in paragraph 17, above.

WHEREFORE DEBTOR PRAYS:

10

1. That the Plan be confirmed;

2. That the Ranch and Homestead be valued as provided herein; and

3. For such other and further relief as is proper.

Dated November 2, 2011.

                    VAN JEFFREY GARDNER
                    dba Quarter Circle Five Ranch

                    _____see attached_____
                    Van Jeff Gardner, Debtor

Submitted by:

BANKRUPTCY LAW CENTER

By: ___/s/ Bret Whipple___
      Bret Whipple, Esq.

and WHITE LAW CHARTERED

By: _____
      John White, Esq.
      Proposed Co-Counsel for the Debtor

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

11

1. That the Plan be confirmed;

2. That the Ranch and Homestead be valued as provided herein; and

3. For such other and further relief as is proper.

Dated November 2, 2011.

VAN JEFFREY GARDNER
dba Quarter Circle Five Ranch

_____
Van Jeff Gardner, Debtor

Submitted by:

BANKRUPTCY LAW CENTER

By: ___/s/ Bret Whipple___
     Bret Whipple, Esq.

and WHITE LAW CHARTERED

By: _____
    John White, Esq.
    Proposed Co-Counsel for the Debtor

11

## INDEX OF EXHIBITS

Exhibit A.   10/24/2011 Stewart Title Preliminary Title Report          17 pages

## CERTIFICATE OF SERVICE

I hereby certify under penalty and pain of perjury that I am an employee of White Law Chartered and that on the date shown below, I served a true and correct copy of the aforesaid:

CHAPTER 12 PLAN #1, VALUATION MOTION, AND MOTION TO CONFIRM

☑ a. Via the Court's ECF System on November 2, 2011 to:

LOUIS M. BUBALA on behalf of Creditor FIRST NATIONAL OF ELY
lbubala@armstrongteasdale.com, bsalinas@armstronteasdale.com

JANET L. CHUBB on behalf of Creditor FIRST NATIONAL OF ELY
bsalinas@armstrongteasdale.com
M. NELSON ENMARK
nenmark.trustee@gmail.com

BRET O. WHIPPLE on behalf of Debtor VAN GARDNER
elisabethblc@yahoo.com;yeseniajlc@yahoo.com
JOHN WHITE on behalf of debtor VAN GARDNER
bankruptcy@whitelawchartered.com,
john@whitelawchatered.com;jen@whitelawchartered.com

and any and all other parties in interest who are noticed by the Court's ECF System.

The undersigned further affirms that the foregoing is true and correct to the best of my knowledge and that preceding document does not contain the Social Security number of any person.

Dated: November 2, 2011.

_____
John White

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

12